**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SALVADOR VARGAS TREJO;
GRACIELA PALACIOS SOTO,

          Petitioners,

  v.

ERIC H. HOLDER, Jr., Attorney General,

          Respondent.

No. 08-73146

Agency Nos. A073-930-547
             A075-665-446

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2010[**]

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

    Salvador Vargas Trejo and Graciela Palacios Soto, husband and wife and

natives and citizens of Mexico, petition for review of the Board of Immigration

Appeals' ("BIA") order denying their motion to reopen based on ineffective

assistance of counsel. Our jurisdiction is governed by 8 U.S.C. § 1252. We review

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

for abuse of discretion the denial of a motion to reopen, and de novo claims of due process violations in immigration proceedings, including claims of ineffective assistance of counsel. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

We agree with the BIA's conclusion that petitioners failed to establish that former counsel's performance resulted in prejudice, and thus their claim of ineffective assistance of counsel fails. *Id.* at 793-94 (to demonstrate prejudice, alien must establish that counsel's performance may have affected the outcome of the proceedings).

We lack jurisdiction to review petitioners' contention that former counsel and unnamed notaries defrauded them by filing fruitless motions before the agency because petitioners failed to raise that issue before the BIA and thereby failed to exhaust their administrative remedies. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (explaining that this court lacks jurisdiction to review contentions not raised before the agency).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

08-73146